UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**SCOTT GILLESPIE and DEBRA GILLESPIE,**
          **Plaintiffs,**

v.                                                                                        Case No. 15-cv-0434

**UNITED STATES OF AMERICA,**[1]
          **Defendant.**
_____

## DECISION AND ORDER

Pro se tax protesters Scott and Debra Gillespie bring this action against the United States seeking a tax refund. Plaintiffs initially reported their adjusted gross income for 2009 as $82,499 and their employer-withheld federal income taxes as approximately $5,145. In April 2013, plaintiffs filed an amended return for 2009, a copy of which is attached to the complaint, reporting their adjusted gross income, taxable income, and tax liability as "$0" and a tax overpayment of $13,653. Plaintiffs also filled out and filed a Form 4852, a substitute for a W-2. Plaintiffs' present suit seeks the alleged $13,653 overpayment plus interest and additional funds that the IRS subsequently withheld as a penalty. The defendant moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

Defendant argues that this court lacks jurisdiction because Congress waived sovereign immunity for taxpayer suits only when the taxpayer has first filed a valid claim for a refund, which plaintiffs did not. Sovereign immunity, however, is not jurisdictional, *see*

---

[1] Plaintiffs named "United States of America, Department of the Treasury, Internal Revenue Service" as the defendant in this action. The proper defendant is the United States of America. 26 U.S.C. § 7422(f)(1). I have amended the caption accordingly.

*Gray v. U.S.*, 723 F.3d 795, 798 (7th Cir. 2013) (concluding that "because sovereign immunity can be waived, the defense is not jurisdictional); *U.S. v. Cook Cty.*, 167 F.3d 381, 389 (7th Cir. 1999) ("[W]hat sovereign immunity means is that relief against the United States depends on a statute; the question is not the competence of the court to render a binding judgment, but the propriety of interpreting a given statute to allow particular relief."), and is more properly considered an affirmative defense.[2] *See Alden v. Maine*, 527 U.S. 706, 737 (1999) (referring to sovereign immunity as an affirmative defense). Thus, I will treat defendant's motion to dismiss for lack of jurisdiction as a motion under Fed. R. Civ. P. 12(b)(6). Because plaintiffs are not required to anticipate affirmative defenses in their complaint, *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003), I may grant defendant's motion only if plaintiffs plead themselves out of court.

The United States has waived immunity with respect to taxpayer suits for refunds but only when the taxpayer has first filed a claim with the IRS for a refund consistent with federal law and regulations. 26 U.S.C. § 7422; *Bartley v. U.S.*, 123 F.3d 466, 467–68 (7th Cir. 1997). To be considered a valid claim, the information supplied must "evince an honest and genuine endeavor to satisfy the law." *In re Payne*, 431 F.3d 1055, 1057 (7th Cir. 2005) (citation and quotations omitted); *see also U.S. v. Moore*, 627 F.2d 830, 835 (7th

---

[2] While Congress can create statutory limitations on jurisdiction, such as prerequisites to suit, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). The statute at issue here, which waives sovereign immunity in taxpayer suits but requires taxpayers to first file a claim with the IRS, contains no language suggesting that this requirement is jurisdictional. 26 U.S.C. § 7422(a).

2

Cir. 1980) ("[I]t is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code.").

In the present case, plaintiffs have pled themselves out of court because their claim for a refund, which took the form of an amended return,[3] clearly was not an honest and genuine endeavor to satisfy the law. First, the discrepancy between plaintiffs' original 2009 return, which listed $82,499 in income, and their amended return, which listed "$0" income, suggests an intent not to comply with the law. This intent is further evidenced by plaintiffs' explanation of the discrepancy, which references a well-known tax protester theory that numerous courts have deemed frivolous.[4] *U.S. v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985) (concluding that plaintiffs' legal theory "is a preposterous reading of the statute"); *see also Sullivan v. U.S.*, 788 F.2d 813 (1st Cir. 1986); *Waters v. C.I.R.*, 764 F.2d 1389 (11th Cir. 1985); *Herriman v. U.S.*, 104 A.F.T.R.2d 2009-7581 (M.D. Fl. 2009); *U.S. v.*

---

[3] In considered a motion under Rule 12(b), I may consider documents attached to the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

[4] In their briefs plaintiffs confirm that their amended return was based on this frivolous legal theory. Plaintiffs claim that under 26 U.S.C. §§ 3401 and 3121 their 2009 income is not taxable because it does not fit within the statutory definitions of "wages." Section 3401(a) defines "wages" as "all remuneration . . . for services performed by an employee for his employer," and § 3401(c) defines "employee" as "includ[ing] an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one of the foregoing." From this, plaintiffs argue that only government employees' earnings are "wages" under federal law, and therefore their income from private employers is not taxable. As noted above, numerous courts have concluded that this interpretation is wrong, concluding that "the word 'includes' is a term of enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others." *Latham*, 754 F.2d at 750.

3

*Hendrickson*, 100 A.F.T.R.2d 2007-5395 (E.D. Mich. 2007); *O'Connor v. U.S.*, 669 F. Supp. 317 (D. Nev. 1987). Thus, plaintiffs have shown that they failed to make an honest and genuine attempt to comply with federal law. *Moore*, 627 F.2d at 835 ("In the tax protester cases, it is obvious that there is no 'honest and genuine' attempt to meet the requirements of the code."). Because plaintiffs' amended return did not evince an honest attempt to satisfy the law, it did not constitute a valid claim and plaintiffs have not satisfied the statutory prerequisites for filing suit. Thus, plaintiffs' complaint fails to state a claim upon which relief may be granted.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (ECF No. 3) is **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that plaintiffs' motion to amend/correct complaint (ECF No. 12) is **DENIED** as **moot**.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2016.

                            s/ Lynn Adelman
                            _____
                            LYNN ADELMAN
                            District Judge