UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTT E. GILLESPIE and
DEBRA J. GILLESPIE,
   Plaintiffs,

 v.           Case No. 15-CV-434
              Appeal No. 16-1465
INTERNAL REVENUE SERVICE,
   Defendant.

---

## MEMORANDUM AND ORDER

  Scott and Debra Gillespie, pro se tax protesters, have filed an appeal from my order dismissing their complaint for failure to state a claim upon which relief may be granted. On March 1, 2016, they requested to proceed in forma pauperis on appeal so that they may avoid paying the appellate filing fee of $455. Plaintiffs were not in forma pauperis at the district court level.

  Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and states that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of

any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

In my decision dismissing this case, I concluded that plaintiffs' argument that they do not owe income tax because their income is from private employers rather than government employers was frivolous.[1] See U.S. v. Latham, 754 F.2d 747 (7th Cir. 1985); see also Sullivan v. U.S., 788 F.2d 813 (1st Cir. 1986); Waters v. C.I.R., 764 F.2d 1389 (11th Cir. 1985); Herriman v. U.S., 104 A.F.T.R.2d 2009-7581 (M.D. Fl. 2009); U.S. v. Hendrickson, 100 A.F.T.R.2d 2007-5395 (E.D. Mich. 2007); O'Connor v. U.S., 669 F. Supp. 317 (D. Nev. 1987). "In the ordinary case if the suit is frivolous the appeal from the dismissal of the suit will also be frivolous," and it is improper for the district judge to grant leave to proceed in forma pauperis on appeal. Tolefree v. Cudahy, 49 F.3d 1243, 1244 (7th Cir. 1995); see also Lee, 209 F.3d at 1026-27. Because plaintiffs' argument has been rejected my numerous courts as frivolous, I find that no reasonable person could suppose plaintiffs' appeal to have any merit. Thus, pursuant to 28 U.S.C. §1915(a)(3) the court certifies that the appeal is not taken in good faith and determines that the party is not entitled to proceed in forma pauperis on appeal.

Accordingly, I **CERTIFY** that this appeal is not taken in good faith and **ORDER** that the plaintiffs' motion to appeal in forma pauperis (ECF No. 18) is **DENIED**. The Clerk of Court shall notify the parties and the court of appeals of this order.

---

[1] Plaintiffs first made this argument to the Internal Revenue Service ("IRS") and then at the district court level. I dismissed their complaint, concluding that because their argument to the IRS was frivolous, they failed to make an honest attempt to satisfy federal law and thus never filed a valid claim for a tax refund.

2

Dated at Milwaukee, Wisconsin, this 11th day of March, 2016.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge